**Orlando GONZALEZ–MARTINEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08-74476.**

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 19, 2010.

Orlando Gonzalez–Martinez, El Centro, CA, pro se.

OIL, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

## MEMORANDUM **

Orlando Gonzalez–Martinez, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

The IJ did not abuse his discretion in denying Gonzalez–Martinez's motion to reopen as untimely where he filed it more than 16 months after he was ordered removed in absentia. *See* 8 U.S.C. § 1229a(b)(5)(C)(i).

We lack jurisdiction to consider Gonzalez–Martinez's contention that he is entitled to equitable tolling because he failed to exhaust this contention before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (generally requiring exhaustion of claims before the agency).

Gonzalez–Martinez's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.